Rhonda Kay RAY, Plaintiff–Appellant,

v.

Otis R. BOWEN, Secretary, Department of Health and Human Services, Defendant–Appellee.

No. 86–2341.

United States Court of Appeals, Tenth Circuit.

Jan. 9, 1989.

Frederick W. Newall, Colorado Springs, Colo., for plaintiff-appellant.

Robert N. Miller, U.S. Atty., and James R. Cage, Asst. U.S. Atty., Denver, Colo., for defendant-appellee.

Before SEYMOUR, SETH and BRORBY, Circuit Judges.

SETH, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); Tenth Cir.R. 34.1.8. The cause is therefore ordered submitted without oral argument.

Rhonda Kay Ray ("claimant") appeals from the district court's order affirming the decision of the Secretary of Health and Human Services ("the Secretary") to deny Miss Ray's application for social security disability benefits. For reversal, Miss Ray argues that the Secretary's decision was not supported by substantial evidence on the record as a whole because the Administrative Law Judge ("ALJ") improperly relied on the medical-vocational guidelines ("grids") in finding that Miss Ray was not disabled. In particular, Miss Ray claims that the Secretary applied the grids with-

out adequately considering her nonexertional limitations. Because we conclude that the Secretary's decision is supported by substantial evidence on the record, and for the reasons discussed below, we affirm the judgment of the district court.

Miss Ray is now thirty years of age, has a ninth grade education, and has worked variously as a motel maid, a nurse's aide, a counter clerk at a dry cleaning establishment and as a factory worker. Miss Ray claims that she became disabled as of August 30, 1983, when knee pain forced her to quit her job as a maid in a motel. Shortly afterward she applied for disability and disability insurance benefits, specifying "kneecaps are out of joint, arthritis in legs." The Social Security Administration denied her claim initially and upon reconsideration.

The claimant obtained a de novo hearing before an ALJ on May 22, 1984. On August 13, 1984, the ALJ issued a decision denying her claim, finding that Miss Ray was capable of performing the full range of sedentary work and that jobs requiring sedentary work existed in substantial numbers in the national economy. The Appeals Council considered a short letter from an orthopaedic specialist that the claimant submitted after the ALJ announced his decision, but nonetheless affirmed the ALJ's decision. Miss Ray then brought suit in the United States District Court for the District of Colorado, seeking to overturn the denial of benefits. The district court ruled that the ALJ's decision was supported by substantial evidence, and entered judgment on behalf of the Secretary.

The reports of four physicians and the claimant's testimony during her hearing before the ALJ comprise the principal evidence in this case. The three physicians whose reports the ALJ considered agreed that the claimant's chief health problem was her severe obesity. Miss Ray is five feet, eleven inches tall, and weighed approximately 280 pounds at the time she applied for disability benefits. As J. Casey Elgin, D.O., stated in a brief note:

"Rhonda Ray's major health problem is her severe obesity. This has created

stress on her knees and makes it painful for her to walk or stand for long periods of time. It will probably not improve until she loses approximately 140 lbs. This is entirely under her control and is the only way to take the stress off her knees."

Another physician, Janet Ely, M.D., reported that she first treated the claimant in June 1983 for knee and hip pain. Dr. Ely diagnosed the claimant as suffering from chrondomalacia of the patella, and prescribed a weight reduction program, anti-inflammatory medication, and an exercise program. Dr. Ely reported that the claimant's compliance was poor, and resulted in little improvement.

The record contains two reports from Roland J. Brandt, D.O., an orthopaedic specialist to whom Dr. Ely referred Miss Ray. Dr. Brandt's examination essentially confirmed Dr. Ely's diagnosis. He stated in October 1983:

"I do feel that [Miss Ray] is capable of performing a capacity requiring minimal walking or suspended sitting or would be limited with repeated walking long distances or over uneven terrain."

Dr. Brandt further opined that Miss Ray's limitations were temporary in nature, and that her progress depended entirely on her motivation and vigorous participation in an exercise program. He again examined Miss Ray more than five weeks later, but stated that "I don't have any new feelings since the last report."

Shortly after Miss Ray requested the Appeals Council to review the ALJ's decision, the Council received a one-paragraph letter from Milo L. Messner, M.D. Dr. Messner described the "Patellar–Femoral type pain" the claimant was suffering from and predicted that she would probably require surgery at some point. He concluded that Miss Ray "is basically at the present time incapacitated from any type of activity that would require getting up and down from a sitting position or using stairs."

In a social security hearing such as this one, the claimant bears the burden of proving a disability, as defined by the Social Security Act, that prevents him from en-gaging in his prior work activity. *Reyes v. Bowen*, 845 F.2d 242, 243 (10th Cir.); 42 U.S.C.A. § 423(d)(5) (1983). Once the claimant has established a disability, the burden shifts to the Secretary to show that the claimant retains the ability to do other work activity and that jobs the claimant could perform exist in the national economy. *Gossett v. Bowen*, 862 F.2d 802, 804 (10th Cir.); *Reyes*, 845 F.2d at 243; *Williams v. Bowen*, 844 F.2d 748, 751 (10th Cir.). The Secretary meets this burden if the decision is supported by substantial evidence. *Gossett*, 862 F.2d at 804; *see Campbell v. Bowen*, 822 F.2d 1518, 1521 (10th Cir.). "Substantial evidence" requires "more than a scintilla, but less than a preponderance," and is satisfied by "such evidence that a reasonable mind might accept to support the conclusion." *Campbell*, 822 F.2d at 1521; *Brown v. Bowen*, 801 F.2d 361, 362 (10th Cir.). The determination of whether substantial evidence supports the Secretary's decision is not simply a "quantitative exercise," for evidence is not substantial if it is overwhelmed by other evidence or if it really constitutes mere conclusion. *Fulton v. Heckler*, 760 F.2d 1052, 1055 (10th Cir.); *Knipe v. Heckler*, 755 F.2d 141, 145 (10th Cir.).

The ALJ found that Miss Ray was incapable of performing work she has performed in the past, particularly work as a maid or nurse's aide. An individual is disabled within the meaning of the Social Security Act, however, only if his impairments are so severe that

"he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work."

42 U.S.C.A. § 423(d)(2)(A) (1983). The ALJ considered these factors—age, education, and work experience—as well as the claimant's residual functional capacity ("RFC"), found that she was capable of performing

work for which jobs exist in substantial numbers in the national economy, and thus concluded that she was not disabled. This finding was the fifth in a five-step inquiry we have outlined in *Gossett v. Bowen*, 862 F.2d 802, 804–05 (10th Cir.), and in *Reyes v. Bowen*, 845 F.2d 242, 243 (10th Cir.). The ALJ's step five finding is the linchpin of his determination that Miss Ray is not entitled to disability benefits, and Miss Ray argues that this finding is not supported by substantial evidence.

■ To determine whether work that the claimant can perform is available in the national economy, the ALJ relied on the medical-vocational guidelines—the "grids." Automatic application of the grids is appropriate only when a claimant's RFC, age, work experience, and education match a grid category. *Heckler v. Campbell*, 461 U.S. 458, 462 n. 5, 103 S.Ct. 1952, 1955 n. 5, 76 L.Ed.2d 66; *Gossett*, 862 F.2d at 806; *Huston v. Bowen*, 838 F.2d 1125, 1131 (10th Cir.); *Gatson v. Bowen*, 838 F.2d 442, 446 (10th Cir.); *Channel v. Heckler*, 747 F.2d 577, 579 (10th Cir.); 20 C.F.R. pt. 404, subpt. P, App. 2, § 200.00(e)(2).

■ Residual functional capacity primarily measures a claimant's exertional capacity, or in simplest terms, his strength. *Huston*, 838 F.2d at 1131. Nonexertional limitations, such as pain, may also limit an individual's capacity to work, such that he may not be able to perform the full range of work available within an RFC category. *See Channel*, 747 F.2d at 580. As we observed in *Huston v. Bowen*, 838 F.2d 1125, 1131 (10th Cir.):

> "Nonexertional pain perhaps can be characterized as pain that is present whether or not a claimant is exerting himself or herself in activities that relate to the strength requirements of the grid's RFC ranges (sedentary through very heavy). Under the regulatory framework, exertion appears to be measured primarily in terms of the strength requirements for such physical activities as walking, standing, lifting, carrying, pushing, pulling, reaching, and handling."

We have not hesitated to overturn the Secretary's finding of nondisability when the Secretary applies the grids without adequately considering the evidence of claimant's nonexertional limitations. *Gossett*, 862 F.2d at 806; *Williams*, 844 F.2d at 760.

■ Miss Ray urges that we overturn the Secretary's finding of nondisability in her case because he did not adequately consider her complaints of pain, and in particular because he did not consider the extent to which the pain she experiences limits her ability to perform the full range of work covered by the sedentary RFC category. At the hearing, Miss Ray testified that she was "in pain a lot of times," that she was "not comfortable sitting or standing," and that her knee pain kept her from sleeping at night. The ALJ acknowledged these complaints of pain in his decision, and so demonstrated that they were considered and not discredited. Thus there is no issue of credibility. The ALJ, as mentioned, after considering the claimant's testimony as to her pain, found no nonexertional impairments. The record supports this finding. This is in contrast to *Huston v. Bowen*, 838 F.2d 1125, 1131 (10th Cir.), where we said:

> "The record contains evidence that the claimant's pain not only constituted an impairment sufficient to limit the claimant to light work but sufficient to preclude the claimant from any substantial gainful employment on a sustained basis."

Miss Ray's testimony, taken as altogether true, does not lead to the conclusion that the pain she suffers represents a nonexertional impairment which precludes application of the grids. The mere presence of some nonexertional pain did not automatically preclude reliance on the grids. *See Gossett*, 862 F.2d at 807–08; *Channel*, 747 F.2d at 582 n. 6. As we emphasized in *Gossett*, 862 F.2d at 807 (quoting *Brown v. Bowen*, 801 F.2d 361, 362 (10th Cir.)), "disability requires more than mere inability to work without pain." Miss Ray stated that she was uncomfortable sitting, but she did not testify that her pain rendered her incapable of sitting for extended periods of time, or that it interfered with her ability to work in a seated position. The ALJ expressly considered the claimant's pain com-

plaints in the course of his decision. Her testimony, taken as fully credible, did not establish the presence of disabling pain. Under these circumstances a formal finding as to the credibility of claimant's pain testimony would be no more than ritualistic.

■ The ALJ must determine the claimant's eligibility for disability benefits in light of the entire record, with particular attention to medical evidence and evidence of motivation. *See Frey v. Bowen,* 816 F.2d 508, 516 (10th Cir.). None of the three physicians whose reports the ALJ had before him concluded that Miss Ray was incapable of engaging in sedentary work as would involve primarily seated work, some walking and standing, lifting of objects weighing no more than 10 pounds, and occasional lifting and carrying of objects such as files, ledgers, or small tools. 20 C.F.R. §§ 404.1567(a), 416.967(a). The claimant's testimony does not contradict her physicians' assessment.

■ The ALJ thus properly relied on the medical-vocational guidelines to demonstrate the existence of substantial gainful work in which Miss Ray could engage. The presence of nonexertional impairments precludes reliance on the grids only to the extent that such impairments limit the range of jobs available to the claimant. *Gossett,* 862 F.2d at 807–08; *Channel,* 747 F.2d at 582 n. 6. Again, the ALJ's finding that Miss Ray suffered from no nonexertional impairment severe enough to limit the range of jobs available to her, and his consequent reliance on the grids, was supported by substantial evidence.

The Secretary argues that Miss Ray's failure to follow her weight loss and exercise programs deprives her of any right to disability benefits under 20 C.F.R. §§ 404.-1530, 416.930 (1987). We need not consider this issue because the ALJ found that Miss Ray was capable of sedentary work in her present condition, and substantial evidence on the record as a whole supports the ALJ's finding.

AFFIRMED.