963 F.2d 383
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Jerry L. WHITE, Jr., Plaintiff-Appellant,
v.
Louis W. SULLIVAN, M.D., Secretary of Health and Human
Services, Defendant-Appellee.
 No. 91-5155.
 United States Court of Appeals, Tenth Circuit.
 May 13, 1992.
 
 Before JOHN P. MOORE, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 JOHN P. MOORE, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Claimant Jerry L. White, Jr. appeals from the district court's order adopting the Findings and Recommendations of the magistrate judge affirming the decision of the Secretary of Health and Human Services to deny Claimant's application for social security disability benefits under 42 U.S.C. §§ 416(i) and 423 of the Social Security Act. We affirm.
 
 
 3
 Claimant filed his request for disability benefits on June 27, 1986. Claimant, a thirty-six year old man with a high school education, claims total disability since May 1986, due to a splenectomy, mitral valve replacement, infectious endocarditis, and residual vascular insufficiency of the left foot. His application was denied initially and on reconsideration. Claimant requested and was granted a hearing before an administrative law judge (ALJ) on March 24, 1987. Following the hearing, benefits were denied and Claimant appealed. The Appeals Council remanded Claimant's case to the Secretary for an update from Claimant's treating physicians, a consultative examination, an evaluation of the credibility of Claimant's allegations of pain, and vocational expert testimony, if warranted.
 
 
 4
 Following a supplemental hearing on January 24, 1989, which included the testimony of a vocational expert, Claimant was again denied benefits. Claimant's request for review was denied, and he reopened the previous case for review of the Secretary's decision. The magistrate judge issued findings and recommendations, affirming the denial decision of the Secretary, which were adopted by the district court. On appeal, the Claimant argues that (1) the decision of the ALJ was not supported by substantial evidence, and (2) the testimony of the vocational expert was not based on precise numerical evidence and should be stricken.
 
 
 5
 Our review of the Secretary's decision is limited to determining whether the decision is supported by substantial evidence and "whether the Secretary applied correct legal standards." Pacheco v. Sullivan, 931 F.2d 695, 696 (10th Cir.1991). In order to determine whether the Secretary's decision is supported by substantial evidence, we must meticulously examine the record. However, we may neither reweigh the evidence nor substitute our discretion for that of the Secretary. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir.1991).
 
 
 6
 An individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy....
 
 
 7
 42 U.S.C. § 423(d)(2)(A). Claimant bears the burden of proving his disability. "Once the claimant has established a disability, the burden shifts to the Secretary to show that the claimant retains the ability to do other work activity and that jobs the claimant could perform exist in the national economy." Ray v. Bowen, 865 F.2d 222, 224 (10th Cir.1989).
 
 
 8
 In order to determine whether a claimant is under a disability, the Secretary applies a five-step process. 20 C.F.R. §§ 404.1520, 416.920; see Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir.1988) (providing an in-depth discussion of the five steps). The ALJ's decisions regarding the first four steps, (1) that Claimant was not engaged in substantial gainful activity, (2) that Claimant has a severe impairment, (3) that Claimant's impairments are not listed in, or equal to, the impairments listed in Appendix 1, Subpart P, Regulation No. 4, and (4) that Claimant is not able to perform his past relevant work, are not at issue here.
 
 
 9
 However, at step five, the burden shifts to the Secretary to prove that Claimant retains the capacity to perform alternate work and whether that work exists in the local and national economies. See id. at 751. Following the testimony of a vocational expert, the ALJ determined that Claimant could perform a range of sedentary work including service station cashier, restaurant cashier, and small parts assembler.
 
 
 10
 Claimant first contends that the ALJ erred in relying on the Medical Vocational Guidelines, "the grids," 20 C.F.R. § 404, Subpt. P, App. 2. The grids are used to evaluate a claimant's residual functional capacity (RFC) to do work in relation to the claimant's age, education, and work experience. Claimant contends that he has a nonexertional impairment which precludes a decision of no disability based solely on the grids.
 
 
 11
 A claimant's RFC is determined by ascertaining what a claimant is still capable of doing, on a continuing basis, despite his impairments. Williams v. Bowen, 844 F.2d at 751. The five RFC work categories are sedentary, light, medium, heavy, and very heavy. In this case, the ALJ determined that claimant could perform sedentary work. Sedentary is defined as work that "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties." 20 C.F.R. §§ 404.1567(a), 416.967(a).
 
 
 12
 If a claimant suffers from a nonexertional impairment such as pain, as well as exertional impairments, the grids cannot be automatically applied, and the ALJ has the additional burden of considering all other relevant facts and evidence to determine whether claimant's nonexertional impairments will preclude him from the full range of work in a particular RFC. Frey v. Bowen, 816 F.2d 508, 512-13 (10th Cir.1987). When a claimant suffers from both exertional and nonexertional impairments, the grids are initially applied to determine if the claimant's exertional impairments alone warrant a finding of disability. Id. at 513. If the claimant is not determined disabled at this point, the grids are then used as a framework for determining whether the claimant's ability to do the work indicated by the appropriate RFC is diminished by the claimant's nonexertional impairments. Id. Claimant contends that, despite his allegations of pain, the ALJ considered his ability to do sedentary work on the basis of the grids alone without giving adequate consideration to the testimony of the vocational expert. We do not agree.
 
 
 13
 The record indicates that the ALJ considered and relied on the testimony of Ms. Kay Hicks, the vocational expert, who testified that, although Claimant was precluded from the physical demands of his past relevant work as a construction worker, he could perform sedentary work as a self-service station attendant, restaurant cashier, or small parts assembler. Claimant claims that he is unable to perform even this sedentary work because he must keep his left leg constantly elevated due to pain and spasms in the leg. However, the medical evidence does not support this contention.
 
 
 14
 Dr. Gerald E. Gustafson, who removed Claimant's spleen in 1986, stated in his letter of March 19, 1987, that Claimant faced a possible future replacement of his mitral valve, interrupted blood supply to his left leg, and general debilitation. Appellant's R.Vol. II at 145-46. The record does not indicate any more recent evaluation by Dr. Gustafson.
 
 
 15
 Dr. Stanley Schwartz, an internist specializing in infectious diseases, opined that when Claimant was released from the hospital on June 17, 1986, he was suffering from leg pain which precluded him from walking or returning to work. Id. at 148. There is no indication that Dr. Schwartz has seen or treated Claimant subsequent to this time. Dr. John Gearhart, a family practitioner, stated on March 20, 1987, that Claimant had been released from the hospital, was ambulatory, and was receiving no medication. Id. at 144.
 
 
 16
 Dr. Charles Berry, Claimant's cardiac surgeon, stated on April 14, 1987, that due to the extent of Claimant's surgery, he would recommend that Claimant be considered disabled for a period of six months to one year after which he should stay away from hard labor and enter the sedentary work force. Id. at 150. He also recommended follow-up care in the event Claimant experienced future problems with his left leg. The record does not indicate that Claimant has sought or received any follow-up care.
 
 
 17
 Dr. Michael H. Berkey, an internist, examined Claimant at the request of the Secretary in September, 1988. Dr. Berkey concluded that Claimant would be unable to work in a situation requiring frequent walking or standing, but could function at a job in which he could sit down with frequent opportunity to move around to avoid spasms in the left leg. Id. at 238-39. He did not indicate that Claimant needed to keep the leg constantly elevated.
 
 
 18
 There is substantial evidence in the record to support the ALJ's conclusion that the alleged pain and spasms in Claimant's left leg are not disabling. It is undisputed that Claimant adequately established a nexus between his impairment and the pain alleged. See Luna v. Bowen, 834 F.2d 161, 163-64 (10th Cir.1987). Once a claimant has established the existence of a pain-causing impairment, "the decision maker must consider all the evidence presented that could reasonably produce the pain alleged." Id. at 165.
 
 
 19
 This court in Luna set forth the factors to be considered when determining a claimant's credibility regarding subjective complaints of pain as (1) a claimant's persistent attempts to find relief for his pain; (2) a claimant's willingness to accept prescribed treatment; (3) a claimant's use of aids in walking such as crutches or a cane; (4) a claimant's regular visits to a doctor; and (5) the possibility that a claimant suffers some psychological as well as physical problem. Id. at 165-66. The ALJ found that Claimant walked unaided, did not require strong pain medication, was not receiving on-going medical treatment, and neither suffers from, nor claims, a psychological impairment. The ALJ thus correctly concluded that Claimant was not suffering from disabling pain.
 
 
 20
 The ALJ concluded that Claimant was thirty-four years old, had a high school education, and had previous work experience as a carpenter. As a younger person with a high school education, and in light of the medical evidence and the testimony of the vocational expert, the ALJ's conclusion that Claimant is not disabled is amply supported by the evidence.[1]
 
 
 21
 Finally, Claimant argues, in apparent contravention of his first argument, that the testimony of the vocational expert should be stricken because it is not based on "precise numerical evidence." Appellant's Br. at 15. The thrust of Claimant's argument is that the vocational expert obtained information from a department of the Oklahoma City government regarding the availability of service station cashier jobs in the area. She could not recall the name of the department. Appellant's R.Vol. II at 201. Claimant argues that because the expert could not point to the exact source of her statistical information, her testimony is unreliable and should be disregarded. We conclude this argument is irrelevant. The vocational expert testified that several jobs exist which Claimant would be capable of performing. We agree with the Secretary that even if the testimony regarding this one category were to be disregarded, the Secretary still met the burden of proving that other jobs exist which Claimant could perform.
 
 
 22
 This court is not unmindful of Claimant's serious medical history. However, a review of the record as a whole supports the conclusion that Claimant is not disabled within the meaning of the Social Security Act. Accordingly, the judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 At the close of the hearing, Claimant's counsel requested that the ALJ keep the record open for a period of ten days to allow Claimant to update his medical evidence. One month after the hearing, the ALJ notified counsel that, although he had not received any additional evidence from Claimant, he would hold the record open for an additional ten days for submission of information. Appellant's R.Vol. II at 256. Claimant did not avail himself of this opportunity, and the ALJ closed the record