999 F.2d 547
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Melvin W. HENDERSON, Plaintiff-Appellant,
v.
Donna E. SHALALA,* Secretary of Health and
Human Services, Defendant-Appellee.
 No. 92-7141.
 United States Court of Appeals, Tenth Circuit.
 June 28, 1993.
 
 1
 Before SEYMOUR and TACHA, Circuit Judges, and ROGERS,** Senior District Judge.
 
 
 2
 ORDER AND JUDGMENT***
 
 
 3
 TACHA, District Judge.
 
 
 4
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 5
 Claimant Melvin W. Henderson appeals from the district court's judgment affirming the Secretary of Health and Human Services' denial of his applications for social security disability benefits and for supplemental security income disability benefits. The applications were denied initially and on reconsideration. Claimant subsequently requested and received a hearing before an administrative law judge (ALJ). The ALJ denied claimant's applications for benefits, and the Appeals Council denied his request for review. The district court affirmed the Secretary's decision. Claimant appeals, asserting (1) the decision of the Secretary was not based on substantial evidence, (2) the ALJ should have elicited the testimony of a vocational expert, and (3) the ALJ did not properly consider the advanced age of the claimant. We affirm.
 
 
 6
 Our review of the Secretary's decision is limited to determining whether the decision is supported by substantial evidence. Bernal v. Bowen, 851 F.2d 297, 299 (10th Cir.1988). Substantial evidence is " 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). Evidence is not substantial if it is overwhelmed by other evidence in the record or if it constitutes mere conclusion. Ray v. Bowen, 865 F.2d 222, 224 (10th Cir.1989). In order to determine whether the Secretary's decision is supported by substantial evidence, we must meticulously examine the record. However, we may not reweigh the evidence, or substitute our discretion for that of the Secretary. Broadbent v. Harris, 698 F.2d 407, 414 (10th Cir.1983).
 
 
 7
 The Secretary has established a five-step sequential evaluation process to determine if a claimant is disabled. See 20 C.F.R. §§ 404.1520, 416.920. The five steps which the Secretary must consider are (1) whether claimant is engaged in substantial gainful activity; (2) whether claimant has a medically severe impairment or combination of impairments; (3) whether the impairment or combination of impairments is equivalent to one of a number of listed impairments so severe as to preclude substantial gainful activity; (4) whether the impairment prevents the claimant from performing work he performed in the past; and (5) whether claimant is able to do other work in the national economy in view of his age, education, and work experience. Id. §§ 404.1520(b)-(f), 416.920(b)-(f).
 
 
 8
 Claimant, a sixty-three year old man with a seventh grade education, claims disability since February 1990, due to kidney stones, heart and liver impairments, and alcoholism. The ALJ concluded that claimant did not meet the special earnings requirements after March 1984, and therefore claimant cannot be considered for disability insurance benefits. See 20 C.F.R. § 404.130(b). Consequently, the ALJ only considered claimant's application for supplemental security income benefits, based upon whether claimant was disabled for a continuous twelve-month period at any time on or after February 28, 1990. Id. § 416.905(a). The ALJ concluded that although claimant was having health problems in February 1990, he had accepted treatment and within six months was significantly improved.
 
 The Supreme Court has stated:
 
 9
 The claimant first must bear the burden at step one of showing that he is not working, at step two that he has a medically severe impairment or combination of impairments, and at step four that the impairment prevents him from performing his past work. If the process ends at step two, the burden of proof never shifts to the Secretary.
 
 
 10
 Bowen v. Yuckert, 482 U.S. 137, 146-47 n. 5 (1987). Here, the ALJ concluded that claimant did not have a severe impairment or combination of impairments which lasted twelve months. The step two severity determination is based on medical evidence alone, and does not include consideration of vocational factors such as age, education, and work experience. Williams v. Bowen, 844 F.2d 748, 750 (10th Cir.1988). "[T]he claimant must make a threshold showing that his medically determinable impairment or combination of impairments significantly limits his ability to do basic work activities...." Id. at 751. Unless the claimant makes a de minimis showing of medical severity, the evaluation process ends and the claimant is determined not disabled. Id.
 
 
 11
 The ALJ ultimately found that although claimant was suffering from acute and severe impairments in February 1990, with treatment and alcohol abstinence, his symptoms have markedly decreased and his condition has improved to the point that he cannot be considered disabled. Therefore, the ALJ concluded his inquiry at step two, determining that claimant did not have a medically severe impairment or combination of impairments. Following a thorough review of the record, we conclude that the ALJ's determination is supported by substantial evidence.
 
 
 12
 Next, claimant asserts that the ALJ erred by not obtaining the opinion of a vocational expert. However, only after a determination that a claimant suffers from an impairment or combination of impairments severe enough to preclude prior work activity is the ALJ under obligation to make an age, education, and experience inquiry to determine what other employment is available to claimant in the national economy. See Channel v. Heckler, 747 F.2d 577, 579-83 (10th Cir.1984). Because the ALJ determined that claimant could return to his previous work activities, he was under no obligation to elicit the testimony of a vocational expert.
 
 
 13
 Finally, claimant asserts that the ALJ did not properly consider "the advanced age regulation and the heavy labor standard in determining this case." Appellant's Br. at 1. The advanced age regulation, 20 C.F.R. § 416.963(d), states in part: "If you are severely impaired and of advanced age [age fifty-five or over] and you cannot do medium work ... you may not be able to work unless you have skills that can be used in (transferred to) less demanding jobs which exist in significant numbers in the national economy." The regulation presupposes the existence of a severe impairment or combination of impairments. This is not the case here. Consequently, the ALJ's failure to consider this factor is not in error.
 
 
 14
 Claimant's argument that the ALJ erred in failing to consider 20 C.F.R. § 416.962 fails for like reasons. This regulation states that a claimant with little education and a work history of thirty-five or more years at unskilled physical labor, who cannot continue this work because of severe impairments, is considered disabled. This regulation also presupposes a severe impairment or combination of impairments. As with the advanced age factor, this regulation is not applicable here.
 
 
 15
 We conclude that the Secretary was correct in finding claimant not disabled and that his conclusion was amply supported by the evidence. Therefore, the judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED.
 
 
 
 *
 Donna E. Shalala is substituted for former Secretary of Health and Human Services Louis W. Sullivan, pursuant to Fed.R.App.P. 43(c)(1)
 
 
 **
 Honorable Richard D. Rogers, United States District Judge for the District of Kansas, sitting by designation
 
 
 ***
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3