UNITED STATES COURT OF APPEALS
**Filed 12/20/96**
FOR THE TENTH CIRCUIT

DANIEL R. DALTON,

      Plaintiff-Appellant,

v.

SHIRLEY S. CHATER, Commissioner
of Social Security Administration,

      Defendant-Appellee.

No. 96-7026
(D.C. No. CV-94-667-S)
(E.D. Okla.)

ORDER AND JUDGMENT[*]

Before PORFILIO, ALARCON,[**] and LUCERO, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]    Honorable Arthur L. Alarcon, Senior Circuit Judge, United States Court of Appeals for the Ninth Circuit, sitting by designation.

argument.  See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

Claimant Daniel R. Dalton appeals from the district court's order adopting the recommendation of the magistrate judge affirming the Secretary of Health and Human Services' denial of his application for Social Security disability insurance benefits.[1]  Claimant, a thirty-five year old man with a high school education has worked in the past as a roustabout, construction laborer, and welder.  He alleges disability from November 22, 1991, due to a back injury and several back surgeries.

Claimant's application for benefits was denied initially and on reconsideration.  Following a hearing, the administrative law judge (ALJ), disagreeing with the Social Security Administration's initial decision, found claimant disabled within the meaning of the Social Security Act from November 2, 1991, through March 24, 1993.  The ALJ determined, however, that on and after March 25, 1993, claimant had regained the residual functional capacity to perform a full range of sedentary work subject to no bending,

---

[1]     Although this case was filed after the functions of the Secretary of Health and Human Services, Donna E. Shalala, were transferred to the Commissioner of Social Security, Shirley S. Chater, we continue to refer to the Secretary because she was the appropriate party at the time of the underlying administrative decision.

squatting, or stooping, and with the opportunity to change positions at will. The district court affirmed the decision of the Secretary, and claimant appeals.

Our review of the Secretary's decision is limited to determining whether the decision is supported by substantial evidence and whether the Secretary applied correct legal standards. Castellano v. Secretary of Health & Human Servs., 26 F.3d 1027, 1028 (10th Cir. 1994). "To find that the Secretary's decision is supported by substantial evidence, there must be sufficient relevant evidence in the record that a reasonable person might deem adequate to support the ultimate conclusion." Bernal v. Bowen, 851 F.2d 297, 299 (10th Cir. 1988). However, we may neither reweigh the evidence nor substitute our judgment for that of the Secretary. Id.

An individual is disabled within the meaning of the Social Security Act only if his impairments are so severe that he "is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A). If a claimant meets his burden of proving that he cannot return to his past work, the burden shifts to the Secretary to show that the claimant can perform other jobs in the national economy. Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989). Here, the administrative law judge denied benefits at step five of the five-step evaluation process applied for determining

disability, see Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988)(discussing the five steps in detail), finding that although claimant could not return to his past work, he had the residual functional capacity to perform other jobs existing in the national economy.

On appeal, claimant argues that (1) the ALJ did not properly evaluate his subjective complaints of pain; (2) the ALJ did not make the requisite specific findings regarding claimant's credibility; and (3) the ALJ failed to include the limitations of headaches, limited motion, arm weakness, and pain in his hypothetical question to the vocational expert. Claimant did not raise issues two and three to the district court. Because our scope of review is limited to those issues properly preserved and presented in the district court, issues two and three are deemed waived. See Crow v. Shalala, 40 F.3d 323, 324 (10th Cir. 1994)("Absent compelling reasons, we do not consider arguments that were not presented to the district court.").

Therefore, the only issue properly before this court is claimant's contention that the ALJ did not properly evaluate his subjective complaints of pain. Because claimant presented medical evidence that he suffered a back injury requiring four surgeries, a condition reasonably likely to produce pain, the ALJ was required to evaluate whether claimant's pain was disabling by considering all relevant factors. See Luna v. Bowen, 834 F.2d 161, 164 (10th Cir. 1987). Contrary to

-4-

claimant's contention, the ALJ did not disregard claimant's allegations of pain merely because there was no medical evidence to support his claim that his pain was disabling.

The ALJ noted that following claimant's last surgery in March 1992, he made steady improvement. R. Vol. II at 16. Dr. Bradley, claimant's treating neurosurgeon, opined in April 1993, that although claimant required retraining, he was not permanently disabled. Id. at 451. The ALJ also noted that after December 1992, claimant did not return to Dr. Bradley for further treatment, indicating that claimant was not experiencing further functional loss or discomfort. Id. at 17.

Although claimant testified that he continued to have pain, he stated that he took only over-the-counter medications to control the pain. Id. at 18. The ALJ questioned claimant regarding his daily activities, id. at 48, and considered claimant's testimony in determining that claimant's pain did not affect his ability to do work activities, id. at 18. He found claimant's allegations of pain to be not credible due to the lack of objective medical evidence from his treating and examining physicians, the lack of strong pain medications, the lack of medical treatment, and claimant's demeanor at the hearing. Id. at 18-19.

We conclude the ALJ properly evaluated plaintiff's subjective complaints of pain pursuant to Luna and properly refused to credit claimant's pain allegations

-5-

with the severity he claims.  Although it is clear that claimant suffers some pain, "[d]isability requires more than mere inability to work without pain.  To be disabling, pain must be so severe . . . as to preclude any substantial gainful employment."  Gossett v. Bowen, 862 F.2d 802, 807 (10th Cir. 1988)(quotation omitted).

Our careful review of the record convinces us that there is substantial evidence to support the ALJ's decision that plaintiff was not disabled on or after March 25, 1993.  The judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED.

Entered for the Court

Arthur L. Alarcon
Circuit Judge