974 F.2d 1345
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 William KNIGHT, Plaintiff-Appellant,
v.
Louis W. SULLIVAN, M.D., Secretary, Department of Health and
Human Services, Defendant-Appellee.
 No. 92-7048.
 United States Court of Appeals, Tenth Circuit.
 Sept. 9, 1992.
 
 Before JOHN P. MOORE, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 TACHA, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Appellant William Knight appeals from an order of the district court affirming the denial of his application for social security benefits by the Secretary of Health and Human Services (the Secretary). On appeal, Knight contends that the findings of the Administrative Law Judge (ALJ), who affirmed the Secretary's decision, were not based on substantial evidence. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 3
 In this case, the parties agree that because appellant does have impairments, the Secretary bears the burden of showing that appellant "retains the ability to do other work activity and that jobs the claimant could perform exist in the national economy." Ray v. Bowen, 865 F.2d 222, 224 (10th Cir.1989). In such cases, we will uphold decisions of the Secretary denying benefits if that decision is supported by substantial evidence in the record. Id.
 
 
 4
 Appellant first argues that the ALJ failed to appropriately consider the pain aspect of his physical condition in making a disability determination and failed to give proper weight to the findings of his treating physician. We have held that " '[t]o be disabling, pain must be so severe, by itself or in conjunction with other impairments, as to preclude any substantial gainful employment.' " Brown v. Bowen, 801 F.2d 361, 362-63 (10th Cir.1986) (quoting Dumas v. Schweiker, 712 F.2d 1545, 1552 (2d Cir.1983)). When determining whether a claimant's pain is disabling, " 'the claimant is entitled to have his nonmedical objective and subjective testimony of pain evaluated by the ALJ and weighed alongside the medical evidence.' " Talley v. Sullivan, 908 F.2d 585, 587 (10th Cir.1990) (quoting Huston v. Bowen, 838 F.2d 1125, 1131 (10th Cir.1988)). However, the Secretary may evaluate the claimant's credibility in conjunction with the record, and " 'a claimant's subjective complaint of pain is by itself insufficient to establish disability.' " Id. (quoting Brown, 801 F.2d at 363).
 
 
 5
 Appellant contends that the ALJ failed to consider nonmedical objective factors, such as those suggested in Luna v. Bowen, 834 F.2d 161, 165-66 (10th Cir.1987), when evaluating whether his pain was disabling. We disagree. The record indicates that the ALJ considered both medical and nonmedical objective evidence, as well as subjective evidence, related to appellant's pain. The ALJ stated that Dr. Temple, appellant's treating physician, released appellant to light work on April 28, 1988 and continued seeing him for several months thereafter.[1] However, the ALJ specifically noted that "claimant has not returned to Dr. Temple since March, 1989." See id. (objective nonmedical factors include "claimant's persistent attempts to find relief for his pain and his willingness to try any treatment prescribed, regular use of crutches of a cane, regular contact with a doctor, and the possibility that psychological disorders combine with physical problems") (emphasis added). The record also indicates that appellant opted not to undergo a complete physical examination recommended by one physician and a pain treatment recommended by another. Moreover, the objective medical evidence in the record clearly supports the ALJ's assessment that appellant's pain is not disabling. Appellant underwent several different diagnostic studies, all of which found his condition to be within "normal" limits and which failed to show any evidence of nerve root compression. Therefore, we hold that substantial evidence exists to support the ALJ's conclusion that appellant's pain is not of a disabling severity.
 
 
 6
 Appellant also contends that the ALJ failed to ask sufficiently probing questions regarding his drinking of alcohol. However, the record indicates that appellant did not represent to the ALJ that his drinking was disabling. When the ALJ asked appellant whether he drinks, appellant responded, "Every once in a while," and stated that he "[t]ake[s] a sip now and then." His "testimony, taken as true, did not establish the presence of a [disability]." Ray, 865 F.2d at 226. Given appellant's responses to the ALJ's questions, we conclude that the ALJ was justified in not pursuing a more probing line of questions regarding whether appellant's drinking renders him disabled.
 
 
 7
 Appellant argues that the ALJ erroneously relied on the medical-vocational guidelines--the "grids"--to find that appellant was not disabled. See 20 C.F.R. pt. 404, subpt. P, App. 2, § 200.00(e)(2). He asserts that application of the grids was inappropriate because he suffered from several nonexertional impairments--namely, pain, postural limitations, and alcoholism. We have held that "[t]he presence of nonexertional impairments precludes reliance on the grids only to the extent that such impairments limit the range of jobs available to the claimant." Ray, 865 F.2d at 226. In Ray, we upheld the ALJ's application of the grids because he found that no nonexertional impairment was severe enough to limit the range of sedentary jobs available to the claimant. Id.; see also Gossett v. Bowen, 862 F.2d 802 (10th Cir.1988). Likewise, in this case, the ALJ found--independently of his application of the grids--that appellant has "residual functional capacity to engage in light and sedentary types of work." We already have concluded that substantial evidence supports the ALJ's finding that appellant's pain and appellant's drinking were not disabling.
 
 
 8
 With respect to appellant's postural limitations, the ALJ considered Dr. Temple's recommendation that appellant "avoid work requiring lifting, twisting, bending or stooping." During the same general time period, however, Dr. Temple released appellant to perform light duty. In conjunction with Dr. Temple's comments, the ALJ also considered that Dr. Young Stokes III--who examined appellant for the Social Security Administration--stated that appellant was "unimpaired" as to sitting and had "minimal impairments" with respect to standing, moving about, and carrying. Based on the record as a whole, we conclude that there was substantial evidence to support the ALJ's finding that appellant's nonexertional impairments did not make him "disabled" as defined in the relevant statute, 42 U.S.C. § 423(d)(2)(A). Consequently, the ALJ did not err in applying the grids based on appellant's residual functional capacity, age, work experience, and education.
 
 
 9
 Finally, appellant contends that the ALJ committed reversible error by asking narrow, incomplete, and misleading questions to the vocational expert who testified at the hearing. Appellant asserts that the ALJ failed to present all of appellant's alleged impairments when posing hypothetical questions to the vocational expert regarding appellant's ability to find work. Appellant points particularly to the following question posed by the ALJ to the expert:
 
 
 10
 Assuming that I should find from the evidence of record, including the medical evidence as well as Mr. Knight's testimony, that he is able to perform sedentary work, are there jobs of a sedentary nature that he would be able to perform based on his age, education and past work experience?
 
 
 11
 Asking the expert to assume appellant could perform "light" work, the ALJ then repeated the same question. Based on the record as a whole, we conclude that the ALJ's questioning was not deficient. First, we note that the vocational expert was present during appellant's hearing and thus heard testimony concerning appellant's impairments. See Diaz v. Secretary of Health & Human Servs., 898 F.2d 774, 777 (10th Cir.1990). Second, the testimony of the vocational expert certainly was not the only evidence relied upon by the ALJ in deciding that appellant is not disabled. In fact, the ALJ's Summary and Evaluation of the Evidence suggests that he relied on the expert only for an estimation of whether jobs exist in the national economy given the fact that appellant could perform light and sedentary work. The ALJ obviously relied on other evidence in the record--and not on the vocational expert's testimony--to arrive at the conclusion that appellant could perform light and sedentary work. Because substantial evidence independent of the expert's testimony supports the ALJ's finding that appellant could perform light and sedentary work, his question to the vocational expert was not error. See Jordan v. Heckler, 835 F.2d 1314, 1316 (10th Cir.1987) (ALJ's limited reliance on testimony of vocational expert was proper where other substantial evidence supported conclusion that claimant could perform light and sedentary work).
 
 
 12
 In summary, we conclude that the ALJ's finding that appellant has not been disabled is supported by substantial evidence. AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Appellant suggests that the ALJ failed to give sufficient weight to the findings of his treating physician, C.A. Temple. However, Dr. Temple found only that appellant "is not able to return to work that he was doing and he is not able to return to manual labor." Dr. Temple's assessment is not inconsistent with the ALJ's determination that appellant is able to perform light and sedentary types of jobs