986 F.2d 1426
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Bobby J. COWAN, Plaintiff-Appellant,
v.
Department of Health & Human Services, Louis SULLIVAN,
Secretary, Defendant-Appellee.
 No. 92-6180.
 United States Court of Appeals, Tenth Circuit.
 Feb. 9, 1993.
 
 Before STEPHEN H. ANDERSON and EBEL, Circuit Judges, and BRIMMER,* District Judge.
 ORDER AND JUDGMENT**
 STEPHEN H. ANDERSON, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Claimant Bobby J. Cowan appeals from a district court judgment affirming the Secretary of Health and Human Services' denial of claimant's application for social security disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-433. Claimant's application filed in May 1989 was denied on initial consideration and on reconsideration. Claimant then requested and was afforded a hearing before an administrative law judge. The ALJ concluded claimant was not disabled, and denied benefits. The Appeals Council denied review, making the ALJ's decision the final decision of the Secretary. E.g., Campbell v. Bowen, 822 F.2d 1518, 1520 (10th Cir.1987). The district court adopted the magistrate judge's findings and recommendation, and dismissed. Our jurisdiction arises from 28 U.S.C. § 1291.
 
 
 3
 On appeal claimant contends (1) the Secretary failed to establish that a significant number of jobs exist in the national economy, (2) claimant did not have transferable skills, (3) the ALJ improperly evaluated claimant's credibility, and (4) the Secretary's decision is not supported by substantial evidence. We disagree and affirm.
 
 
 4
 We review the Secretary's decision "to determine whether the findings are supported by substantial evidence and whether the Secretary applied correct legal standards." Pacheco v. Sullivan, 931 F.2d 695, 696 (10th Cir.1991). "We must determine whether the Secretary's decision of nondisability ... is supported by substantial evidence, i.e., ' "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." ' " Williams v. Bowen, 844 F.2d 748, 750 (10th Cir.1988) (quoting Broadbent v. Harris, 698 F.2d 407, 414 (10th Cir.1983) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971))). In reviewing the Secretary's decision, we cannot weigh the evidence or substitute our discretion for that of the Secretary, but we have the duty to carefully consider the entire record and make our determination on the record as a whole. Dollar v. Bowen, 821 F.2d 530, 532 (10th Cir.1987).
 
 
 5
 The Secretary has established a five-step sequential evaluation process to determine if a claimant is disabled. Reyes v. Bowen, 845 F.2d 242, 243 (10th Cir.1988) (listing five steps); 20 C.F.R. § 404.1520. If a claimant is determined to be disabled or not disabled at any step, the evaluation process ends there. Sorenson v. Bowen, 888 F.2d 706, 710 (10th Cir.1989). The burden of proof is on the claimant through step four; then it shifts to the Secretary. See id. at 710 (citing Ray v. Bowen, 865 F.2d 222, 224 (10th Cir.1989)).
 
 
 6
 Claimant, a fifty-two year old man with a fourth grade education, claims disability since May of 1983 due to back pain and numbness in his foot and leg. The medical evidence included notes on claimant's back surgeries in 1974 and 1983. Claimant did not seek medical treatment from September 1983 until the consultative medical examination in June of 1989, ordered for this case. A physician acting as a medical advisor and a vocational expert testified at the hearing. The ALJ determined at step four of the sequential evaluation process that claimant could not return to his past relevant work driving and unloading eighteen wheel trucks. The vocational expert classified claimant's past relevant work as very heavy because the work required frequent heavy lifting.
 
 
 7
 The ALJ concluded at step five, although claimant's nonexertional impairments limited the range of light work he could perform, that claimant retained the functional capacity to perform certain light jobs which exist in significant numbers in the national economy. The vocational expert identified two light jobs claimant could perform: school bus driver and drip pumper. According to the vocational expert, the school bus driver job generally requires five hours of work per day, and involves starting and stopping the bus. The drip pumper job requires driving a tank truck from station to station, uncoiling a hose from a reel and hooking it up to a gas pipeline, then pumping and measuring the condensation.
 
 
 8
 Claimant maintains the Secretary failed to meet his burden of establishing the existence of alternative work in the national economy that claimant can perform notwithstanding his exertional and nonexertional impairments. If a claimant cannot return to his past relevant work, the burden is on the Secretary to produce evidence that claimant can do alternative work, and that such work exists in the national economy. 42 U.S.C. § 423(d)(2)(A).
 
 
 9
 "This Circuit has never drawn a bright line establishing the number of jobs necessary to constitute a 'significant number....' " Trimiar v. Sullivan, 966 F.2d 1326, 1330 (10th Cir.1992). Rather, each case should be evaluated on its particular circumstances, acknowledging the ALJ's common sense in applying the statutory language to the individual claimant's situation. Id. Criteria which may be considered in evaluating whether work exists in significant numbers include:
 
 
 10
 the level of claimant's disability; the reliability of the vocational expert's testimony; the distance claimant is capable of travelling to engage in the assigned work; the isolated nature of the jobs; the types and availability of such work, and so on.
 
 
 11
 Id. (quoting Jenkins v. Bowen, 861 F.2d 1083, 1087 (8th Cir.1988) (quoting Hall v. Bowen, 837 F.2d 272, 275 (6th Cir.1988))).
 
 
 12
 In this case, the ALJ first considered claimant's impairments and acknowledged his limited ability to sit for prolonged periods. Next, the ALJ admitted a comprehensive resume from the vocational expert; therefore, we cannot challenge the reliability of the vocational expert's testimony. The ALJ also received testimony about the number of jobs available in Oklahoma. The vocational expert testified there were 112,000 school bus driver jobs in the national economy, and 1,400 such jobs in Oklahoma. The drip pumper jobs numbered 21,000 nationally, and 300 in Oklahoma. This level of job availability is significant. E.g., id. at 1330 (finding 650 to 900 jobs in state of Oklahoma a "significant number"). Finally, the ALJ considered the type and availability of the work, including the skill and exertional levels of the jobs and whether claimant's skills were transferable to the proposed alternative jobs. Consequently, we determine the record as a whole adequately sustains the ALJ's conclusion.
 
 
 13
 We next consider claimant's argument that the ALJ erred in finding that claimant had transferable skills.
 
 
 14
 A skill is knowledge of a work activity which requires the exercise of significant judgment that goes beyond the carrying out of simple job duties and is acquired through performance of an occupation which is above the unskilled level (requires more than 30 days to learn). It is practical and familiar knowledge of the principles and processes of an art, science or trade, combined with the ability to apply them in practice in a proper and approved manner.
 
 
 15
 S.S.R. 82-41, Social Security Rulings, at 197-98 (Cum.Ed.1982). A vocational expert may be called to determine whether claimant's skills acquired in past employment will transfer to a category of work at the exertional level the ALJ has concluded the claimant can perform. Hargis v. Sullivan, 945 F.2d 1482, 1492 (10th Cir.1991).
 
 
 16
 Claimant contends "driving" is not a transferable skill. But the skills identified by the vocational expert as transferable included driving and safely operating a commercial vehicle, and knowing and applying the regulations of highway driving. It is experience and the exercise of significant judgment that makes claimant's professional driving expertise a skill.
 
 
 17
 Transferability of skills contemplates "applying work skills which a person has demonstrated in vocationally relevant past jobs to meet the requirements of other skilled or semiskilled jobs." S.S.R. 82-41 at 198. The jobs the vocational expert designated as suitable for claimant, school bus driver and drip pumper, utilized skills of handling large vehicles on public roadways. Accordingly, we conclude substantial evidence supports the Secretary's determination that claimant possessed transferable skills.
 
 
 18
 Claimant also maintains the ALJ did not evaluate properly claimant's credibility. According to claimant, the ALJ's finding that claimant retained the residual functional capacity for a limited range of light work was flawed in view of claimant's testimony that "walking and bending [made] his pain worse ...[,] he could stand for about thirty minutes and could not sit for fifteen to twenty minutes." Aplt.'s Br. at 9-10.
 
 
 19
 Claimant's testimony that he is unable to sit for more than twenty minutes is not supported by medical evidence. To the contrary, Dr. Dougherty, the consulting physician, stated claimant can sit for two hours. Aplt.'s Supp.App. at 142 (claimant "can stand for unlimited time, can sit for 2 hours, cannot stoop, cannot lift and can walk 1/4 mile").[1] The only medical evidence in the record that claimant is in pain is the medical expert's testimony that claimant "had sufficient damage to the S-1 nerve, that he continues to have symptoms from that." Aplt.'s Supp.App. at 46. The medical expert did not testify claimant's pain is disabling. The record contains no medical evidence that claimant is disabled. Furthermore, claimant has not sought medical attention for his condition since 1983, and he takes no prescribed medication for his pain, but takes an unknown amount of aspirin. See Luna v. Bowen, 834 F.2d 161, 165-66 (10th Cir.1987) (suggesting factors to consider when evaluating pain claim).
 
 
 20
 The ALJ resolved the conflicting evidence by concluding that, although claimant's ability to sit for prolonged periods is limited, claimant's restrictions do not prevent him from performing the jobs of school bus driver and drip pumper. The ALJ did not ignore claimant's allegations of pain; the ALJ properly weighed them in light of the medical evidence. See Campbell, 822 F.2d at 1522. "Credibility determinations are peculiarly the province of the finder of fact, and we will not upset such determinations when supported by substantial evidence." Diaz v. Secretary of Health & Human Servs., 898 F.2d 774, 777 (10th Cir.1990).
 
 
 21
 Because the ALJ's credibility findings are closely and affirmatively linked to substantial evidence, see Huston v. Bowen, 838 F.2d 1125, 1133 (10th Cir.1988), we will defer to the ALJ's credibility findings. We conclude substantial evidence supports the ALJ's determination that claimant retains the ability to sit for sufficient periods to perform the jobs recommended for him.
 
 
 22
 Finally, claimant alleges the ALJ's decision is not based on substantial evidence. We have carefully reviewed the record, and we have considered claimant's arguments in light of the record. We agree with the district court that substantial evidence supports the Secretary's decision that claimant is not disabled within the meaning of the Social Security Act.
 
 
 23
 The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.
 
 
 
 *
 Honorable Clarence A. Brimmer, District Judge, United States District Court for the District of Wyoming, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 We do not perceive, nor does claimant argue, that the jobs recommended for him require appreciable walking, bending or lifting