9 F.3d 116
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Charles R. CANTRELL, Plaintiff-Appellant,
v.
UNITED STATES DEPARTMENT OF HEALTH & HUMAN SERVICES, Donna
Shalala, Secretary, Defendant-Appellee.
 No. 93-6116.
 United States Court of Appeals, Tenth Circuit.
 Oct. 22, 1993.
 
 Before MCKAY, Chief Judge, SETH, and BARRETT, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Claimant Charles R. Cantrell appeals an order of the district court affirming the decision of the Secretary of Health and Human Services denying his request for social security disability benefits. Claimant states his issues on appeal as (1) whether the Secretary's decision is supported by substantial evidence, (2) whether the Administrative Law Judge correctly applied Social Security Ruling 82-62, (3) whether the Secretary correctly determined that claimant is capable of returning to his past relevant work, (4) whether the ALJ correctly considered all of claimants impairments, both individually and in combination, and (5) whether the medical evidence supports a remand.
 
 
 3
 Claimant, a fifty-nine year old man, filed for disability insurance benefits on December 6, 1988, alleging disability from February 15, 1988. His application was denied initially and on reconsideration. Claimant requested, and was granted, a hearing before an ALJ, who determined that claimant was not disabled. The ALJ determined that claimant was capable of returning to his past relevant work as a correctional officer, a construction supervisor, or a courier. The Appeals Council declined to review the ALJ's decision. Claimant filed for review and the district court affirmed the Secretary's decision. Claimant appeals. We have jurisdiction pursuant to 28 U.S.C. 1291, and we affirm.
 
 
 4
 Claimant claims disability due to chronic lymphatic leukemia, residual problems with his foot because of a gun shot wound received in Korea, and arthritis in his back and neck. Claimant is retired from the Army and receives approximately $1,130 a month in military retirement pay. For three months prior to the hearing, claimant had been working part time as a courier, increasing his monthly income to $1,800 per month. Claimant had been employed previously as a correctional officer at the El Reno, Oklahoma federal reformatory, a maintenance supervisor with the Oklahoma State Corrections Department, and a cross-country bus driver. Claimant contends that he had to quit these positions due to his medical problems.
 
 
 5
 Our review of the Secretary's decision is limited to determining whether the decision is supported by substantial evidence and "whether the Secretary applied correct legal standards." Pacheco v. Sullivan, 931 F.2d 695, 696 (10th Cir.1991). This does not mean our review is merely cursory. In order to determine whether the Secretary's decision is supported by substantial evidence we must meticulously examine the record. However, we may neither reweigh the evidence nor substitute our discretion for that of the Secretary. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir.1991).
 
 
 6
 In order to determine whether a claimant is under a disability, the Secretary applies a five-step process. 20 C.F.R. 404.1520, 416.920; see Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir.1988)(providing an in-depth discussion of the five steps). If a claimant is determined to be disabled or not disabled at any step, the evaluation process ends there. Sorenson v. Bowen, 888 F.2d 706, 710 (10th Cir.1989). The claimant has the burden of proving a disability that prevents him or her from engaging in prior work activity. Ray v. Bowen, 865 F.2d 222, 224 (10th Cir.1989). Once such a showing is made, the burden shifts to the Secretary to show the claimant can perform jobs existing in the national economy. Id. The ALJ concluded at step four of his evaluation that claimant was capable of returning to his past relevant light or sedentary work as a corrections officer, a maintenance supervisor, or a courier, although he was precluded from returning to his former work as a cross-country bus driver.
 
 
 7
 Based on our exhaustive review of the entire appellate record and the briefs of the parties, we are in agreement with the Report and Recommendation of the magistrate judge that substantial evidence exists to support the Secretary's decision that claimant is not disabled within the meaning of the Social Security Act. The only issue raised by claimant not addressed in the Report and Recommendation is claimant's assertion that there is new medical evidence which would warrant a remand for consideration. Section405(g) of the Social Security Act provides that the court may order the Secretary to consider additional evidence upon a showing by the claimant that good cause exists as to why such evidence was not made available in a prior proceeding. 42 U.S.C. 405(g).
 
 
 8
 Claimant presents a February 5, 1993, decision of the Board of Veteran's Appeals, concluding that claimant should be granted a "permanent and total disability rating." Appellant's Br. at 24. Providing that a disability determination by another agency is available to the Secretary, this court has held that these determinations, although not binding on the Secretary, are entitled to consideration. Baca v. Department of Health & Human Servs., No. 92-2233, 1993 WL 377051, at * 4 (10th Cir. Sept. 28, 1993); Musgrave v. Sullivan, 966 F.2d 1371, 1375 (10th Cir.1992). Here, it is obvious that the Board's decision would not have been available at the time the ALJ rendered his decision.
 
 
 9
 In addition, "[i]n order to find a remand appropriate, we normally must determine that the new evidence would have changed the Secretary's decision had it been before him," and that the new evidence is germane to the time period for which benefits were denied. Hargis v. Sullivan, 945 F.2d 1482, 1493 (10th Cir.1991).
 
 
 10
 At the time of claimant's hearing on December 11, 1989, the ALJ determined that claimant met the special earnings requirements of the Social Security Act on his onset date of February 15, 1988, and would continue to meet those requirements through December 31, 1991. Appellant's Supp.App. at 10. The February 5, 1993, Board of Veterans' Appeals decision submitted by claimant indicates that claimant's request for a "total rating based on individual unemployability" was previously denied as recently as August 1992. Appellant's Br. at 19-20. The Board's grant of this rating to claimant was apparently based upon medical evidence which was either not submitted or not available at the time of claimant's disability hearing. Claimant did not provide this court with the medical evidence relied on by the Board, and there is no indication that the evidence would be germane to a finding of disability during claimant's eligibility period. Therefore, because claimant has failed to present any new medical evidence which may have influenced the Secretary's decision regarding claimant's disability for the period of time in question, a remand would not be appropriate.
 
 
 11
 As to all other issues, we affirm for substantially the same reasons contained in the magistrate judge's thorough and well-reasoned Report and Recommendation dated December 18, 1992, and the district court's Order adopting same dated January 25, 1993. The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3