57 F.3d 1081
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Bobby Dean WINGO, Plaintiff-Appellant,
v.
COMMISSIONER OF SOCIAL SECURITY[1] Defendant-Appellee.
 No. 94-6397.
(D.C. No. CIV-94-2-A)
 United States Court of Appeals, Tenth Circuit.
 June 20, 1995.
 
 Before TACHA, LOGAN, and KELLY, Circuit Judges.
 
 ORDER AND JUDGMENT[2]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 The Secretary of Health and Human Services (the Secretary) denied Bobby Wingo's application for Supplemental Security Income benefits. The magistrate judge and the District Court for the Western District of Oklahoma affirmed the Secretary's decision, and claimant now appeals. We have jurisdiction pursuant to 28 U.S.C. 1291 and affirm.
 
 I. Background
 
 3
 Claimant alleges he has been disabled since 1988 as a result of back injuries he sustained in an automobile accident in 1983. He claims he is unable to work because of attendant disabling pain, decreased range of motion, and bladder dysfunction. At the time of his administrative hearing in 1993, claimant was a thirty-nine-year-old man with an eighth grade education. The ALJ denied benefits at step four of the five-part sequential evaluation process for determining disability, finding claimant had the functional residual capacity to perform his past relevant work. The Appeals Council refused to review the ALJ's decision on November 3, 1993, making it the final decision of the Secretary. On appeal, claimant contends that the ALJ erred in failing to find claimant disabled at step three of the evaluation and in failing to find claimant's pain testimony credible.
 
 II. Discussion
 
 4
 On appeal of the Secretary's decision, we limit our review to determining whether the factual findings are supported by substantial evidence and whether the Secretary applied the correct legal standards. See Andrade v. Secretary of Health & Human Servs., 985 F.2d 1045, 1047 (10th Cir.1993). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison v. NLRB, 305 U.S. 197, 299 (1938)). "Evidence is not substantial if it is overwhelmed by other evidence ... or if it really constitutes not evidence but mere conclusion.' " Knipe v. Heckler, 755 F.2d 141, 145 (10th Cir.1985) (quoting Kent v. Schweiker, 710 F.2d 110, 114 (3d Cir.1983)). To determine whether the Secretary's decision is supported by substantial evidence, we must "meticulously examine the record. However, we may neither reweigh the evidence nor substitute our discretion for that of the Secretary." Musgrave v. Sullivan, 966 F.2d 1371, 1374 (10th Cir.1992).
 
 
 5
 An individual is disabled within the meaning of the Social Security Act only if his impairments are so severe that he "is not only unable to do his previous work, but cannot, considering his age, education, and work experience, engage in any other kind of substantial, gainful work which exists in the national economy." 42 U.S.C. 423(d)(2)(A). A claimant has the burden of proving his disability prevents him from engaging in his prior work activity. See Ray v. Bowen, 865 F.2d 222, 224 (10th Cir.1989). If a claimant meets this burden, the burden shifts to the Secretary to show that the claimant can perform other jobs presently existing in the national economy. Id.
 
 
 6
 Applying these standards to the present case, we conclude that the record contains substantial evidence to support the ALJ's findings. The ALJ partially credited claimant's testimony about his pain and discomfort, but determined that claimant's testimony was not credible regarding his inability to perform his past relevant work at a medium activity level. In reviewing such a credibility determination, courts should "defer to the ALJ as trier of fact, the individual optimally positioned to observe and assess witness credibility." Casis v. Secretary of Health & Human Servs., 933 F.2d 799, 801 (10th Cir.1991). We find no reason to disturb the ALJ's findings in this case. The judgment of the district court is AFFIRMED.
 
 
 7
 The mandate shall issue forthwith.
 
 
 
 [1]
 Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103-296. Pursuant to Fed. R.App. P. 43(c), the Commissioner of Social Security, is substituted for the Secretary of Health and Human Services, as the defendant in this action. Although we have substituted the Commissioner for the Secretary in the caption, in the text we continue to refer to the Secretary because that was the appropriate party at the time of the underlying decision
 
 
 [2]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470