**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 5 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

RAE BROWN,

      Plaintiff-Appellant,

v.

JO ANNE B. BARNHART,
Commissioner, Social Security
Administration,

      Defendant-Appellee.

No. 01-5220
(D.C. No. 00-CV-912-M)
(N.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **HENRY** , **ANDERSON** , and **HARTZ** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination

of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Rae Brown appeals from an order of the district court affirming the Commissioner's determination that she is not entitled to Social Security disability benefits. Because the Commissioner's determination is supported by substantial evidence in the record, we affirm.

## I.

We review the Commissioner's decision to determine whether her factual findings were supported by substantial evidence in light of the entire record and to determine whether she applied the correct legal standards. See Castellano v. Sec'y of Health & Human Servs., 26 F.3d 1027, 1028 (10th Cir. 1994). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (quotations omitted). In the course of our review, we may "neither reweigh the evidence nor substitute our judgment for that of the agency." Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991).

## II.

Ms. Brown alleged disability as of October 28, 1994,[1] due to emphysema, heart disease, hypertension, muscle spasms in the back, blocked arteries, and

---

[1] Ms. Brown's insured status expired December 31, 1995, thus she must show she was totally disabled prior to that date. See Henrie v. United States Dep't of Health & Human Servs., 13 F.3d 359, 360 (10th Cir. 1993).

umbilical hernia. She stated that her primary problem was extreme fatigue. The administrative law judge (ALJ) determined that Ms. Brown was not disabled at step four of the five-step sequential process, see Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988), as she could return to her past relevant work.

III.

A.     Medical Evidence of Residual Functional Ability

On appeal, Ms. Brown first argues that t    he ALJ's assessment of her residual functional ability is not supported by substantial evidence. To support this argument, Ms. Brown submits her analysis of two medical studies regarding the measurement of energy expenditures as expressed in METs. Ms. Brown compares the METs required for various activities as set forth in the articles with her estimate of the maximum METs she can expend based on the results of her treadmill tests. She concludes that the work the ALJ determined she can perform requires greater METs than she can expend.

We decline to use this analysis to determine whether Ms. Brown is disabled. The determination of disability rests on medical opinions. Medical opinions are "statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions."

20 C.F.R. § 404.1527(a)(2). Acceptable medical sources are defined at § 404.1513(a). Medical journal articles are not included as acceptable medical sources. We cannot give persuasive authority to an attorney's extrapolation of a medical article to his client's condition. See, e.g., Soc. Sec. Rul. 96-5p, 1996 WL 374183, at *4 (clarifying that medical source statements must be submitted by acceptable medical sources and are to be based on the medical sources' personal knowledge of the claimant). While medical literature can be cited and relied on to support a claimant's position, it cannot be the only evidence showing disability.

The record shows that none of Ms. Brown's treating physicians has considered her disabled or unable to perform substantial gainful activity. Admittedly, her treadmill tests had to be ended prematurely due to her dyspnea and leg fatigue. However, she experienced no chest pain during the test and the results were still determined to not be significant. See App. Vol. II at 129-30; Vol. III at 140, 150. While Ms. Brown is overweight and her smoking contributes to her cardiac and lung problems, these impairments cannot be considered disabling. Ms. Brown notes that none of her treating physicians has stated that she is able to work. However, Ms. Brown bears the burden of proving disability through step four; the Commissioner need not show she is able to work until step five. See Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

B.      Credibility and Weight Loss

Ms. Brown next argues that the ALJ did not properly evaluate her credibility. She maintains that the ALJ cannot use her failure to lose weight as a basis to judge her credibility without considering whether weight loss would restore her ability to work, was prescribed, or was refused without justifiable excuse, citing Thompson v. Sullivan, 987 F.2d 1482, 1490 (10th Cir. 1993). While Ms. Brown correctly cites to Thompson, the ALJ did not erroneously consider her weight. The ALJ, in addition to noting her physician's comments that she appeared to be uninterested in changing her behavior regarding her diet and smoking, also considered

> claimant's own description of her activities and life style, the degree of medical treatment required, discrepancies between the claimant's assertions and information contained in the documentary reports, the claimant's demeanor at hearing, the reports of the treating and examining practitioners, the medical history, the findings made on examination, and the claimant's assertions concerning her ability to work.

App. Vol. II at 19.

The ALJ adequately supported his credibility determination as he then discussed each item he identified. Further, the record supports the ALJ's findings.

IV.

Substantial evidence in the record supports the ALJ's determination that Ms. Brown could return to her prior work as a sewing machine operator or a cashier.  Therefore, the judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.

Entered for the Court

Robert H. Henry
Circuit Judge