13 F.3d 405
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Estes L. LESTON, Plaintiff-Appellant,
v.
Donna SHALALA, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 93-5106.
 United States Court of Appeals, Tenth Circuit.
 Dec. 2, 1993.
 
 1
 Before MOORE and BRORBY, Circuit Judges, and VRATIL,** District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Claimant Estes L. Leston appeals from the district court's order affirming the decision of the Secretary of Health and Human Services to deny claimant's application for social security disability benefits under 42 U.S.C. 416(i) and 423. Because we find that substantial evidence supports the ALJ's determination and that the advanced age regulation does not apply to this case, we affirm.
 
 
 4
 Claimant is a sixty-three year old man with a high school education. He claims disability since 1986 due to back pain, pain in his arms and shoulders, wrist pain, numbness in certain fingers, and reduced handgrip strength. Claimant's application was denied initially and on reconsideration. After a hearing before an administrative law judge, the ALJ denied benefits at step four of the five-part sequential evaluation process for determining disability. See 20 C.F.R. 404.1520; see also Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir.1988)(discussing five-step process). The ALJ determined that claimant retained the residual functional capacity to perform light and sedentary work and could return to his past relevant work as a shipping and receiving clerk and a shipping and receiving supervisor. Vol. II, Appellant's App. at 19. The ALJ determined, therefore, that claimant is not disabled. We have jurisdiction under 42 U.S.C. 405(g) and 28 U.S.C. 1291.
 
 
 5
 Our review of the Secretary's decision is limited to determining whether the decision is supported by substantial evidence and "whether the Secretary applied correct legal standards." Pacheco v. Sullivan, 931 F.2d 695, 696 (10th Cir.1991). In order to determine whether the Secretary's decision is supported by substantial evidence, we must meticulously examine the record. However, we may neither reweigh the evidence nor substitute our discretion for that of the Secretary. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir.1991).
 
 
 6
 On appeal, claimant contends that the ALJ's decision is not supported by substantial evidence and that the ALJ erred in failing to consider the advanced age regulation, 20 C.F.R. 404.1563(d). Specifically, claimant argues that his evidence of pain was not properly evaluated. The ALJ concluded at step two that claimant suffers from chronic lumbosacral sprain/strain, a severe impairment. Vol. II, Appellant's App. at 14. Claimant's brief implies that, because he has presented evidence of a loose nexus between the proven impairment and his alleged back pain, the ALJ erred in failing to consider all of the relevant evidence as required by Luna v. Bowen, 834 F.2d 161, 164 (10th Cir.1987). Our examination of the record, however, and our review of the ALJ's decision convinces us that the ALJ properly reviewed the medical record, in the course of which all of the relevant Luna factors were also evaluated.
 
 
 7
 Claimant next argues that the testimony of the vocational expert did not support the ALJ's finding that he can perform his past relevant work. Again, we disagree. Claimant had previously done shipping and receiving work at a heavy exertional level. Vol. II, Appellant's App. at 59. The vocational expert testified that shipping and receiving jobs exist in the national economy at all exertional levels ranging from sedentary to heavy depending on the work site and the type of material that is being shipped and received. Id. The vocational expert further testified that claimant has transferable shipping and receiving skills that would transfer to other skilled or semiskilled jobs at the light or sedentary level. Id. at 60. He concluded that, even with the limitations flowing from claimant's alleged physical infirmities, claimant could do light to sedentary shipping and receiving work. Id. at 64.
 
 
 8
 On appeal, claimant argues that the ALJ's findings cannot be upheld because claimant's previous shipping and receiving work was heavy work while the testimony of the vocational expert limited claimant to shipping and receiving work of only a light or sedentary nature. This argument misses the mark. In determining whether a claimant can do past relevant work, it is the type of work that is relevant. See Tillery v. Schweiker, 713 F.2d 601, 602 (10th Cir.1983). Especially where the type of work, shipping and receiving, exists at virtually all exertional levels in the national economy, it is disingenuous to argue that because claimant cannot do heavy shipping and receiving that he is somehow precluded from doing light or sedentary shipping and receiving and thus cannot do his past relevant work. Sullivan v. Secretary of Health & Human Services, 666 F.Supp. 456 (W.D.N.Y.1987), is not to the contrary. There, the Appeals Council had misidentified the claimant's past relevant work as that of a millwork supervisor when, in fact, the claimant had been, for the large majority of his working career, a carpenter or a millwright, but not a supervisor. Here, the ALJ has not erred in defining claimant's past relevant work as that of a shipping and receiving clerk and a shipping and receiving supervisor.[2]
 
 
 9
 Claimant's second point of error is his contention that the ALJ should have applied the advanced age regulation to his case. See 20 C.F.R. 404.1563(d). Consideration of the advanced age regulation, however, was not required in this case because the final administrative decision was made at step four of the five-part evaluation process. Section 404.1563(d) relates to age as a vocational factor and becomes relevant only at step five, which the ALJ did not reach. See Nielson v. Sullivan, 992 F.2d 1118, 1120-21 (10th Cir.1993)(discussing Secretary's burden under step five to consider advanced age regulation); Emory v. Sullivan, 936 F.2d 1092, 1094 (10th Cir.1991)(same). The regulations make it abundantly clear that vocational factors such as age and transferable skills do not come into play unless and until it is determined that the claimant cannot do past relevant work. See 20 C.F.R. 404.1560(b)("If you still have the residual functional capacity to do your past relevant work, we will find that you can still do your past work, and we will determine that you are not disabled, without considering your vocational factors of age, education, and work experience."); see also 20 C.F.R. 1520(a), (e)(if claimant is found disabled or not disabled at any step in evaluative sequence, review does not proceed any further; if claimant can still do past work, he will be found not disabled at step four.). Accordingly, notwithstanding claimant's advanced age, the ALJ properly concluded his analysis with a finding of nondisability at step four.
 
 
 10
 The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.
 
 
 
 **
 Honorable Kathryn H. Vratil, District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3
 
 
 [2]
 Claimant's citation to Odierno v. Bowen, 655 F.Supp. 173 (S.D.N.Y.1987), is also misplaced. In Odierno, the vocational expert testified that the claimant could not return to his past relevant work, a conclusion opposite to that reached by the ALJ here