**James CHRISTOPHER, Plaintiff,**

v.

**Michael J. ASTRUE,**[1] **Commissioner of Social Security.**

**No. 06–2192–JWL–JTR.**

United States District Court, D. Kansas.

March 21, 2007.

James H. Green, Kansas City, MO, for Plaintiff.

---

1.  On Feb. 12, 2007, Michael J. Astrue was sworn in as Commissioner of Social Security. In accordance with Rule 25(d)(1) of the Federal Rules of Civil Procedure, Mr. Astrue is substituted for Commissioner Jo Anne B. Barnhart as the defendant. In accordance with the last sentence of 42 U.S.C. § 405(g), no further action is necessary.

Christopher Allman, Office of United States Attorney, Kansas City, KS, for Defendant.

### *ORDER*

LUNGSTRUM, District Judge.

On February 27, 2007, a Report and Recommendation (doc. 13) was issued by the Honorable James T. Reid, Magistrate Judge. The time in which to file objections has passed and to date no objections have been filed. The court has reviewed the Report and Recommendation and finds that it should be adopted.

IT IS THEREFORE ORDERED BY THE COURT that the Report and Recommendation (doc. 14) is adopted and in accordance with the fourth sentence of 42 U.S.C. Section 405(g) the decision of the Commissioner is AFFIRMED.

## REPORT AND RECOMMENDATION

REID, United States Magistrate Judge.

Plaintiff seeks review of a final decision of the Commissioner of Social Security (hereinafter Commissioner) denying disability insurance benefits and supplemental security income under sections 216(i), 223, 1602 and 1614(a)(3)(A) of the Social Security Act. 42 U.S.C. §§ 416(i), 423, 1381a, and 1382c(a)(3)(A)(hereinafter the Act). The matter has been referred to this court for a report and recommendation. The court recommends the Commissioner's decision be AFFIRMED.

### I. Background

Plaintiff's applications for disability insurance benefits and supplemental security income were denied initially and upon reconsideration. (R. 12, 20–21, 179–82). Plaintiff requested and was given a hearing before an Administrative Law Judge (ALJ) on Dec. 9, 2005. (R. 12, 33, 40–44).

At the hearing plaintiff was represented by an attorney, and plaintiff and a vocational expert testified. (R. 12, 185–186). On Jan. 25, 2006 the ALJ issued a decision in which she found plaintiff is able to perform his past relevant work and is, therefore, not disabled within the meaning of the Act. (R. 12–18). Consequently, she denied plaintiff's applications. (R. 18).

Specifically, the ALJ found that plaintiff has severe impairments of profound vision loss in the left eye, diabetes mellitus, possible right carpal tunnel syndrome in 1995 without treatment thereafter and with two essentially normal exams in 2003, and spondylosis or arthritis in the cervical spine, with other conditions not found to be severe, including GERD or peptic ulcer disease and alcohol use. (R. 13). The ALJ found plaintiff did not meet his burden of proof at step three, *id.*, and that plaintiff's allegations of disabling symptoms are not credible. (R. 15). She found the only limitations on plaintiff's residual functional capacity (RFC) are that he can perform above-the shoulder activity one-third of the day or less, that he can lift fifty pounds occasionally and twenty-five pounds frequently, and there is no significant limitation in plaintiff's ability to stand and/or walk. (R. 16). At step four of the sequential evaluation process, the ALJ found plaintiff is able to perform his past relevant work as a van delivery driver and fry cook and is, therefore not disabled within the meaning of the Act. (R. 16–17). Consequently the ALJ denied plaintiff's applications for disability insurance benefits and supplemental security income. (R. 18).

Plaintiff sought and was denied Appeals Council review of the decision. (R. 5–7, 19). Therefore, the ALJ decision is the final decision of the Commissioner. (R. 10); *Threet v. Barnhart*, 353 F.3d 1185,

1187 (10th Cir.2003). Plaintiff now seeks judicial review.

## II. Legal Standard

The court's review is guided by the Act. 42 U.S.C. §§ 405(g), 1383(c)(3). Section 405(g) provides, "The findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." The court must determine whether the factual findings are supported by substantial evidence in the record and whether the ALJ applied the correct legal standard. *White v. Barnhart,* 287 F.3d 903, 905 (10th Cir.2001). Substantial evidence is more than a scintilla, but less than a preponderance, it is such evidence as a reasonable mind might accept to support the conclusion. *Gossett v. Bowen,* 862 F.2d 802, 804 (10th Cir.1988). The court may "neither reweigh the evidence nor substitute [it's] judgment for that of the agency." *White,* 287 F.3d at 905 (quoting *Casias v. Sec'y of Health & Human Serv.,* 933 F.2d 799, 800 (10th Cir.1991)). The determination of whether substantial evidence supports the Commissioner's decision, however, is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion. *Gossett,* 862 F.2d at 804–05; *Ray v. Bowen,* 865 F.2d 222, 224 (10th Cir.1989).

An individual is under a disability only if that individual can establish that he has a physical or mental impairment which prevents him from engaging in substantial gainful activity and is expected to result in death or to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d); *see also, Barnhart v. Walton,* 535 U.S. 212, 217–22, 122 S.Ct. 1265, 152 L.Ed.2d 330 (2002)(both impairment and inability to work must last twelve months). The claimant's impairments must be of such severity that he is not only unable to perform his past relevant work, but cannot, considering his age, education, and work experience, engage in any other substantial gainful work existing in the national economy. *Id.;* 20 C.F.R. §§ 404.1520, 416.920 (2005).

The Commissioner has established a five-step sequential process to evaluate whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920; *Allen v. Barnhart,* 357 F.3d 1140, 1142 (10th Cir.2004); *Ray,* 865 F.2d at 224. "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary." *Williams v. Bowen,* 844 F.2d 748, 750 (10th Cir.1988).

In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether he has severe impairments, and whether the severity of his impairments meets or equals the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1). *Id.* at 750–51. If claimant's impairments do not meet or equal the severity of a listed impairment, the Commissioner assesses claimant's RFC. 20 C.F.R. §§ 404.1520, 416.920. This assessment is used at both step four and step five of the process. *Id.*

After assessing claimant's RFC, the Commissioner evaluates steps four and five, whether the claimant can perform his past relevant work, and whether he is able to perform other work in the economy. *Williams,* 844 F.2d at 751. In steps one through four the burden is on claimant to prove a disability that prevents performance of past relevant work. *Dikeman v. Halter,* 245 F.3d 1182, 1184 (10th Cir. 2001); *Williams,* 844 F.2d at 751 n. 2. At step five, the burden shifts to the Commissioner to show other jobs in the economy within plaintiff's capacity. *Id.; Haddock*

*v. Apfel,* 196 F.3d 1084, 1088 (10th Cir. 1999).

Plaintiff claims that the ALJ erred in assessing his RFC, in making findings regarding the demands of plaintiff's past relevant work, and in making findings regarding plaintiff's ability to meet the demands of his past relevant work. The Commissioner argues that the ALJ properly assessed plaintiff's RFC, properly evaluated the demands of plaintiff's past relevant work, and relied upon the vocational expert testimony regarding those demands. The court will address each issue.

### III. Assessment of RFC at Phase One, Step Four

At step four of the sequential evaluation process, the ALJ is required to make specific findings in three phases. *Winfrey v. Chater,* 92 F.3d 1017, 1023 (10th Cir.1996); *Soc. Sec. Ruling* (SSR) 82–62, 1975–1982 West's Soc. Sec. Reporting Serv., Rulings 809, 813 (1983). In phase one, "the ALJ should first assess the nature and extent of [the claimant's] physical limitations." *Winfrey,* 92 F.3d at 1023.

The Commissioner has promulgated regulations regarding assessment of RFC limitations. 20 C.F.R. §§ 404.1545–1546, 416.945–946 (2005). In assessing RFC, the Commissioner is to consider a claimant's abilities to meet the demands of work despite his impairment(s). *Id.* at §§ 404.1545(a), 416.945(a). The assessment is to be based upon all relevant evidence in the record and is to include consideration of the limitations caused by all of the claimant's impairments, including impairments which are not "severe" as defined in the regulations. *Id.* at §§ 404.1545, 416.945. The assessment is to consider physical abilities such as sitting, standing, walking, lifting, carrying, pushing, pulling, reaching, handling, stooping, and crouching; mental abilities such as understanding, remembering, and carrying out instructions; responding appropriately to supervision, co-workers, and work pressures; other abilities such as hearing and seeing; and the ability to tolerate various work environments. *Id.;* see also §§ 404.1521, 416.921 (listing examples of basic work activities which may be affected by impairments).

Here, plaintiff claims the ALJ failed to "assess the functional restrictions imposed by Christopher's age [ ]or any of his other impairments," and the "ALJ's decision does not indicate anywhere that she considered the combined effects of Christopher [sic] multiple impairments." (Pl.Br., 14). The Commissioner argues the ALJ properly evaluated plaintiff's RFC, and points to the ALJ's discussion in the decision and to evidence in the record which tends to support the RFC assessment.

Regarding the ALJ's consideration of plaintiff's age, plaintiff quotes from the regulations for the proposition that "advanced age (55 or over) is the point where age significantly affects a person's ability to do substantial gainful activity," and implies that because plaintiff is over fifty-five, the ALJ was required to consider specific reduction or limitation in his abilities caused by age when assessing RFC. (Pl.Brief, 14)(citing 20 C.F.R. § 404.1567(c) as the regulation quoted).[2] Plaintiff failed

**2.** The quotation in plaintiff's brief is not from 20 C.F.R. § 404.1567(c), but may be found at 20 C.F.R. § 404.1563(d) (2000). In April, 2000, § 404.1563(d) was amended, moving portions of the section to § 404.1568(d)(4) and clarifying the Commissioner's intent with regard to transferability of skills. 65 Fed. Reg. 17994, 17996–97, 18000 (Apr. 6, 2000). That amendment made no substantive changes to the regulation. *Id.* In 2003, another amendment made only editorial changes to § 404.1563. 68 Fed.Reg. 51153,

to quote the entire regulation. As applicable here, the regulation continues from where plaintiff's quote ends: "If you are severely impaired and of advanced age and you cannot do medium work (see § 404.1567(c)) you may not be able to work." 20 C.F.R. § 404.1563(d) (2000). The regulations in effect when the decision below was made state the same rule in different language: "If you are of advanced age (age 55 or older), and you have a severe impairment(s) that limits you to *sedentary or light work,* we will find that you cannot make an adjustment to other work." 20 C.F.R. § 404.1568(d)(4) (2005). Either regulation, by its terms, only applies where the claimant is unable to perform medium work.

■ Here, the ALJ found plaintiff is capable of *medium work.* (R. 16)(lift 50 pounds occasionally, 25 pounds frequently, no significant limitations in ability to stand and/or walk). Thus, the rule quoted does not apply to plaintiff. Plaintiff does not suggest any other limitation caused by plaintiff's age of which there is evidence in the record but which was ignored by the ALJ.

Moreover, this case was decided at step four of the sequential evaluation process at which the relevant consideration is whether plaintiff is able to perform his past relevant work. *Bowen v. Yuckert,* 482 U.S. 137, 141–42, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987); *Williams,* 844 F.2d at 751. Age is not a relevant factor at step four, and does "not come into play unless and until it is determined that the claimant cannot do past relevant work." *Leston v. Shalala,* No. 93–5106, 1993 WL 498185

(10th Cir. Dec.2, 1993); *Revels v. Chater,* No. 95–5041, 1996 WL 1184 (10th Cir. Jan.2, 1996); 20 C.F.R. § 404.1560(b) (2000); *see also* 20 C.F.R. § 404.1560(b)(3) (2005)(If claimant has RFC for past relevant work, vocational factors of age, education, work experience, and availability of past work not considered).

Plaintiff does not suggest any functional restrictions imposed by his other impairments which were not considered by the ALJ. The ALJ explained that RFC relates to the "work activities claimant can perform despite his impairments." (R. 15). She found plaintiff's allegations of symptoms not credible. *Id.* She found that plaintiff is limited to perform above-shoulder activities one-third of the day or less based upon Dr. Hendler's examination. (R. 15, 16). Plaintiff points to no evidence missed by the ALJ, and the court finds that the ALJ adequately assessed the functional restrictions imposed by plaintiff's impairments.

Finally, plaintiff claims the ALJ did not consider the combined effect of plaintiff's impairments in his RFC assessment. Here, the ALJ considered each of plaintiff's impairments, she was careful to explain that she had considered that plaintiff has "other acute and/or transitory conditions" which were not individually severe and were not specifically discussed in the decision. Plaintiff points to no evidence of a limitation resulting from a combination of his impairments and which was overlooked by the ALJ. As in the case of *Eggleston v. Bowen,* 851 F.2d 1244, 1247 (10th Cir.1988), the court finds nothing in

---

51158 (Aug. 26, 2003). Section 404.1568 has not been amended since the applicable portions of § 404.1563(d) were incorporated on Apr. 6, 2000. Because the 2000 and 2003 amendments did not change the substance of the regulations, the court's analysis of the alleged error remains the same regardless of

the regulations applied. Although 20 C.F.R. § 404.1567(c) was cited in plaintiff's brief as the source of his quotation, that regulation merely provides the definition of medium work and is only tangentially related to plaintiff's argument regarding age.

the record of this case (Christopher) to suggest that the impairments were not properly considered. The court therefore finds no error in the phase one RFC assessment.

## IV. Phase Two and Three, Step Four

In phase two of step four, the ALJ must "make findings regarding the physical and mental demands of the claimant's past relevant work." *Winfrey*, 92 F.3d at 1024. In phase three, the ALJ must determine "whether the claimant has the ability to meet the job demands found in phase two despite the mental and/or physical limitations found in phase one." *Id.*, 92 F.3d at 1023. These findings are to be made on the record by the ALJ. *Id.* at 1025; *see also*, SSR 82–62, 1975–1982 West's Soc. Sec. Reporting Serv., Rulings, at 813 ("decision must contain ... specific findings of fact" regarding each of the three phases).

The Tenth Circuit has explained that an ALJ may properly rely upon vocational expert (VE) testimony in making her findings at phase two and phase three of step four. *Doyal v. Barnhart*, 331 F.3d 758, 761 (10th Cir.2003). The ALJ may not delegate the step-four analysis to the VE. She may, however, rely on information supplied by the VE regarding the demands of plaintiff's past relevant work and whether a person with plaintiff's RFC could meet those demands, and she may accept the VE's opinions. *Doyal*, 331 F.3d at 761. The critical distinction is whether the ALJ relied upon the VE testimony in making the findings or whether the ALJ delegated the phase two and phase three findings to the VE. *Id.* 331 F.3d at 761. Where the ALJ made the phase two and phase three findings and quoted the VE testimony approvingly in support of those findings, she has properly relied upon the VE testimony. *Id.*

Plaintiff claims the ALJ made no inquiry into or finding specifying the mental demands of plaintiff's past work and did not consider the functional demands of plaintiff's past work. (Pl.Br., 15). The Commissioner argues that the ALJ properly considered the demands of plaintiff's past work. (Comm'r Br., 13).

■ Plaintiff cited *Winfrey* for the proposition that the ALJ erred in failing to make findings regarding the mental demands of plaintiff's past work. (Pl.Br., 15)(quoting *Winfrey*, 92 F.3d at 1024). In *Winfrey*, however, the ALJ specifically determined that plaintiff had "nonexertional limitations resulting from his mental impairments." *Id.* at 1020. Here, there is no evidence that plaintiff has mental impairments, and the ALJ made no finding to that effect. Plaintiff points to no evidence suggesting plaintiff has such an impairment. Plaintiff performed the mental demands of his past relevant work in the past, and there is no indication that he has developed a mental impairment. Therefore, it is not error for the ALJ to fail to specifically discuss and make findings regarding the mental demands of past relevant work.

■ Further, the ALJ did discuss and make findings regarding the demands of plaintiff's past relevant work as relevant in this case. She noted plaintiff's testimony that in the past he could lift fifty pounds. (R. 14). She noted that "he walked/stood five hours a day on his prior van delivery job." (R. 15). She noted the VE testimony that plaintiff's past relevant work as a van delivery driver and as a fry cook were both of medium exertion and semi-skilled as generally performed in the economy and as performed by plaintiff. (R. 16). She noted that plaintiff is not precluded from overhead work and is, therefore, not precluded from his past relevant work. *Id.* While the ALJ relied on the testimony

of the VE and accepted that testimony regarding the demands of plaintiff's past relevant work, she did not delegate the responsibility for the findings to the VE. She considered the evidence and the VE testimony, adopted the VE findings, and stated her findings in the decision. That is not the error found in *Winfrey*.

Moreover, plaintiff points to no demand of his past relevant work either as he performed it, or as it is generally performed, which was ignored or overlooked by the ALJ. Rather, he argues error as a matter of law in a total failure to even consider those demands. As discussed above, the ALJ considered and made findings regarding the demands of past relevant work. The court finds no error.

██ Plaintiff's phase three argument is premised upon his assertion of error in the phase one and phase two determinations. Having failed to show error in phase one or two, plaintiff's phase three argument likewise fails. The ALJ properly assessed plaintiff's RFC and made adequate findings regarding the demands of plaintiff's past relevant work. Therefore, her finding that plaintiff has the RFC to meet the demands of his past relevant work is also proper and supported by substantial evidence in the record.

Plaintiff has failed to show error in the Commissioner's decision.

**IT IS THEREFORE RECOMMENDED** that JUDGMENT be entered in accordance with the fourth sentence of 42 U.S.C. § 405(g) AFFIRMING the Commissioner's decision.

Copies of this recommendation and report shall be delivered to counsel of record for the parties. Pursuant to 28 U.S.C. § 636(b)(1), Fed.R.Civ.P. 72(b), and D. Kan. Rule 72.1.4, the parties may serve and file written objections to this recommendation within ten days after being served with a copy. Failure to timely file objections with the court will be deemed a waiver of appellate review. *Hill v. Smith-Kline Beecham Corp.*, 393 F.3d 1111, 1114 (10th Cir.2004).

Feb. 27, 2007.